## R. C. ROBINSON v. STATE.

No. A-9841.   Oct. 16, 1940.

(106 P. 2d 531.)

J. B. Dudley and Luther Bohanon, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. The indictment in this case, duly presented and filed in the district court of Oklahoma county May 19, 1939, in substance charges that in said county on the 26th day of April, 1938, R. C. Robinson did then and there willfully, unlawfully and feloniously commit the crime of preparing false evidence, by procuring from one Joe Creson an instrument in writing which is set forth in said indictment, with the willful, unlawful, and felonious intent to produce or allow to be produced as genuine, in the trial of case No. 97945 in the district court of said county on behalf of Roy Mirt, plaintiff, and against Joe Creson and the Western States Grocery Company, a corporation, defendants.

It appears from the record that upon arraignment the defendant entered a plea of not guilty. On February 19th the case was called for trial, leave granted to withdraw plea of not guilty for the purpose of filing a demurrer to

the information, which demurrer was presented and sustained, and the court directed the county attorney to file a preliminary information within ten days.

The order sustaining the demurrer to the indictment, filed February 21, omitting formal parts, reads as follows:

"It is therefore considered, ordered, adjudged and decreed by the Court that said demurrer of the defendant to said indictment be and the same hereby is sustained; and it is further considered, ordered, adjudged and decreed by the Court that the County Attorney be and he hereby is directed to submit said cause to another Grand Jury or file a new information within ten (10) days from this date; the defendant to remain upon his present bond. The defendant, in open court excepts to the action of the Court in directing the resubmission of said cause to another Grand Jury or the filing of an information, and his exceptions are by the Court allowed.

"Geo. H. Giddings, Judge."

On February 3rd, the defendant filed a motion to vacate and set aside the following portion of its order of February 19th:

"And it is further ordered, adjudged and decreed by the court that the county attorney be and he is hereby directed to submit said cause to another grand jury, or to file a new information within ten (10) days from this date, the defendant to remain upon his present bond."

The court upon consideration of said motion and the argument of counsel, and being fully advised in the premises, finds said motion should be overruled. To which the defendant excepts. Exception allowed.

Thereupon the defendant gave notice of his intention to appeal from said order and served notice upon the court clerk and county attorney, and is given 30 days from this date, February 26, 1940, to make and serve a case-made, three days thereafter to suggest amendments, case to be signed and settled on three days' notice in writing by

either party. Which case-made was on March 20, 1940, signed and settled as a full, true and complete case-made, and the court clerk directed to attest and file the same according to law.

Petition in error with case-made was filed in this court on April 10, 1940.

The appeal in a criminal case is from the judgment of conviction. There is no statute authorizing an appeal from an order directing that the case be submitted to the same or another grand jury, or that a new information be filed. Section 2952, Sts. 1931, 22 Okla. St. Ann. § 508. Davenport v. State, 20 Okla. Cr. 253, 202 P. 18.

An appeal is not a matter of inherent right. It is a right extended to the defendant by the favor of the state.

The Code of Criminal Procedure provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed." Section 3189, 22 Okla. St. Ann. § 1051.

The language of the statute is so plain that there is no room for construction. If it were otherwise, a new opportunity would be afforded to invite the law's delay.

When the case was assigned for final submission, counsel for plaintiff in error filed the following motion:

"Comes now the plaintiff in error herein and hereby dismisses his appeal, at his costs, and requests the court to make an order of dismissal."

For the reasons stated above, the motion to dismiss the appeal is sustained.

It is therefore considered, adjudged, and ordered that the appeal herein be dismissed and the cause remanded to the district court of Oklahoma county.

BAREFOOT and JONES, JJ., concur.