## JAKE ALEXANDER v. STATE.

No. A-9970.   Nov. 27, 1940.
(107 P. 2d 811.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Thos. C. Wyatt, Co. Atty., of Shawnee, for the State.

Randall Pitman, of Shawnee, for defendant.

BAREFOOT, J.   The appeal in this case was filed in this court on the 18th day of November, 1940.   It is an attempted appeal from a hearing before the district court of Pottawatomie county in which the question of the sanity of said defendant, Jake Alexander, was tried before the court and jury prior to his being tried for murder, with which he stood charged in Pottawatomie county.   On the 24th day of September, 1940, the jury returned a verdict finding defendant Jake Alexander sane.

The Attorney General has filed a motion to dismiss the purported and attempted appeal for the following reasons:

"That the petition in error and case-made attached show in their face that this is not an appeal from a final judgment or from an order in which an appeal is allowed; that, therefore, this court has no jurisdiction to entertain or hear the same."

Upon the filing of said motion, the same was set for hearing for November 26, 1940.   Counsel for defendant has filed a confession admitting that the motion should be sustained, stating that he had come to the conclusion "that the matter of present insanity is a collateral matter and not appealable."   This contention is substantiated by the text in 17 Corpus Juris, p. 36, § 3301, where it is said:

"Since the judgment upon a collateral issue is not a final judgment from which an appeal or a writ of error will lie, an order or decision based upon an independent trial of the question as to defendant's present sanity, either before trial, or after conviction, is not reviewable, even though accused is found insane by the verdict and is com-

mitted to an asylum by an order of the court. Likewise the proceedings and findings on an inquisition to determine defendant's present sanity, held after conviction and sentence, are not reviewable."

In the case of Jordan v. State, 124 Tenn. 81, 135 S. W. 327, 329, 34 L. R. A., N. S., 1115, the court says:

"The question presented by the issue is not whether the defendant can distinguish right from wrong, but is, as explained by the trial judge in another part of his charge, whether he is at the time of the investigation incapable, because of unsoundness of mind, of rendering his attorneys such assistance as a proper defense to an indictment preferred against him demands. The guilt or innocence of the defendant is in no way or to no extent involved in the issue. The inquiry is not as to his mental status at the time the crime was committed, which may be months or years before, but the condition of his mind at the time the inquiry is being made. The object of it is solely to determine whether he has mind and discretion which would enable him to appreciate the charge against him, the proceedings thereon, and enable him to make a proper defense.

"It is a proceeding preliminary to the trial upon the guilt or innocence of the defendant, and the only effect it can have on such trial is to postpone it, in the event the issue is found for the defendant.

"It is purely a collateral issue, similar to those involved upon an application for continuance, or the qualification of a talesman when the jury is being impaneled. It is also somewhat analogous to cases where the question of the admission of evidence is presented and tried by the presiding judge, such as the competency of dying declarations and of secondary evidence of the contents of lost documents."

This court also has recently held in the case of Robinson v. State, 70 Okla. Cr. 365, 106 P. 2d 531, 532:

"The appeal in a criminal case is from the judgment of conviction. There is no statute authorizing an appeal from an order directing that the case be submitted to the

same or another grand jury, or that a new information be filed. Sec. 2952, Sts. 1931, 22 Okla. St. Ann. § 508. Davenport v. State, 20 Okla. Cr. 253, 202 P. 18.

"An appeal is not a matter of inherent right. It is a right extended to the defendant by the favor of the state.

"The Code of Criminal Procedure provides: 'An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed.' Section 3189, 22 Okla. St. Ann. § 1051.

"The language of the statute is so plain that there is no room for construction. If it were otherwise, a new opportunity would be afforded to invite the law's delay."

For the reasons above stated, the appeal in the above entitled cause is dismissed, and the case remanded to the district court of Pottawatomie county.

DOYLE, P. J., and JONES, J., concur.