**STATE ex rel. STATE INSURANCE FUND, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUNTY, the Judges thereof, and Ella Bone, Respondents.**

No. 36344.

Supreme Court of Oklahoma.

May 25, 1954.

Rehearing Denied Sept. 14, 1954.

Application for Leave to File Second Petition for Rehearing Denied Jan. 25, 1955.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., Wm. R. Saied, Dudley, Duval & Dudley, Oklahoma City, for petitioner.

John B. Ogden, Oklahoma City, for respondents.

842

ARNOLD, Justice.

The State of Oklahoma on the relation of State Insurance Fund seeks a writ of prohibition against the District Court of Oklahoma County prohibiting it from proceeding further in an action for damages for personal injuries brought against the Fund by one Ella Bone.

On January 16, 1953, Ella Bone was a passenger in a car being driven by her husband on U. S. Highway No. 77 in a southerly direction south of Purcell; Theodore Riley, an employee and auditor of the State Insurance Fund, was driving his car in a northerly direction on said highway when he allegedly crossed the center line and collided with the car in which Mrs. Bone was riding. Thereafter Mrs. Bone brought suit against the State Insurance Fund and Theodore Riley for her personal injuries allegedly caused by the negligence of Riley.

The State Insurance Fund by special appearance, answer, and motion for judgment on the pleadings objected to the jurisdiction of the District Court over its person on the grounds that it is a department of the State of Oklahoma and as such cannot be held liable for the torts of its employees in the absence of express statutory or constitutional consent. The district court overruled all such objections and has now set the case for trial.

Petitioner contends that it is a department of the State of Oklahoma and as such is not liable for the torts of any of its officers, agents, or employees committed in the performance of their duties.

On the other hand, respondent contends that the Fund is merely an insurance company engaged in a private business, but if it is a department of the state and engaged in a public business, by 85 O.S.1951 § 133(1) the state waived its sovereign immunity from suit for damages arising from the torts of its officers and employees and from liability therefor.

The State Insurance Fund was created "for the purpose of insuring employers against liability for compensation" under the Workmen's Compensation Act "and for assuring for the persons entitled thereto compensation provided by the Workmen's Compensation Law, and for the further purpose of insuring persons, firms and corporations against loss, expense or liability by reason of bodily injury, death by accident, occupational disability, or occupational disease suffered by employees, for which the insured may be liable or have assumed liability". 85 O.S.1951 § 131. It is a revolving fund created in 1933 by an initial appropriation of $25,000 from the general revenue fund with provisions that this sum should be repaid to the general revenue fund. It now consists of all premiums received and paid into the Fund for insurance issued. Section 131 further provides:

"Said Fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of expenses in the manner provided in this Act."

and

"Said Fund shall be fairly competitive with other insurance carriers and it is the intent of the Legislature that said Fund shall become neither more nor less than self-supporting."

The Fund is supervised by a Board of Managers composed of three members including the Governor, the Secretary of the State Insurance Board, and the Attorney General. Section 131a. This Board appoints a State Insurance Fund Commissioner who is the executive manager of the Fund. Section 131b. The Board has the power and authority to fix and determine the rates to be charged by the Fund for insurance. Section 132. The Commissioner has power and authority to manage and conduct all business and affairs relating to the Fund and under the name of the State Insurance Fund the Commissioner may:

"(1) Sue and be sued in all the courts of the State, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with the State Insurance Fund, and administer, manage, or conduct all the business and affairs relating thereto",

and may enter into contracts of insurance, invest the moneys belonging to the Fund and conduct all business relating to the

Fund. Section 133. The State Treasurer is custodian of the Fund. Section 135.

The State Insurance Fund is a department of the State of Oklahoma. O. K. Construction Co. v. Burwell, 185 Okl. 444, 93 P.2d 1092. It was created by the Legislature for a public purpose, that of providing insurance for employers against liability for compensation and for assuring for the persons entitled thereto compensation as provided by the Workmen's Compensation Act. The act creating the Fund is a part and parcel of the Workmen's Compensation Act. It is managed and administered by elected state officials. It is not operated for profit but only such premiums are charged as to make the Fund self-supporting.

As a department of the State it is not liable in a civil action for damages for the tort of one of its officers or employees. Jack v. State, 183 Okl. 375, 82 P.2d 1033; Hawks v. Walsh, 177 Okl. 564, 61 P.2d 1109. Nor by the provisions of Section 133(1) quoted above has the State waived its sovereign immunity. Under that section the Fund may sue or be sued only in connection with mattes arising under the insurance contracts which it makes. To subject the Fund to the payment of claims for torts of its officers or employees would be to appropriate public moneys to a private use. No such appropriation can be made under our Constitution. Vette v. Childers, 102 Okl. 140, 228 P. 145.

The Fund was created for a specific purpose, that of protecting employers by insurance against the liability created by the Workmen's Compensation Act and of paying those employees entitled thereto the compensation due them. To allow the Fund to be sued in tort would be to take the money specifically set aside to pay injured workmen and pay it to another. The Fund could easily be bankrupted in such manner. Had the Legislature intended that the Fund should be liable for negligence of its officers or employees it would have said so. This it did not do and we will not read into the act creating the Fund any implication that it so intended.

The District Court of Oklahoma County is hereby prohibited from proceeding further against the Fund and is directed to dismiss the action insofar as the State Insurance Fund is concerned.

Writ granted.