**Quinn Gail JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–89–1200.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1993.

As Corrected on Denial of Rehearing
Feb. 26, 1993.

**ORDER DENYING REHEARING AND DIRECTING ISSUANCE OF MANDATE**

Petitioner has filed a Petition for Rehearing which requests this Court to grant a rehearing in *Johnson v. State,* Case No. F–89–1200, (Okl.Cr. January 11, 1993) (Summary Opinion Not For Publication). Petitioner, and others similarly situated, have alleged due process violations as a result of the use by this Court of the summary opinion format in deciding his case. *See* 22 O.S.1991, Ch. 18, App. *Rule of the Court of Criminal Appeals,* Rule 3.14(B)(2).

He claims, essentially, that because the opinion is in summary form, this Court did not give his case the individual consideration it is due. Accordingly, petitioner alleges that the summary opinion format vio-

lates his right to Due Process under the Fourteenth Amendment to the United States Constitution [and, presumably the Oklahoma Constitution].

We agree with petitioner that "the procedures used in deciding appeals must comport with the demands of the Due Process Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985). We also agree "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause." *Id.* at 401, 105 S.Ct. at 839. Petitioner, however, argues when this Court issues a summary opinion, such as it did in his case, he is effectively denied his right to a meaningful rehearing. Pursuant to Rule 3.14(B), a petitioner on rehearing has the right to call to this Court's attention decisive questions and controlling authority not considered by this Court in its original opinion. Petitioner argues that due to the skeletal, summary opinion format, a petitioner on rehearing has no means to evaluate whether such decisive questions or controlling authority have been considered, and thus no basis upon which to plead the requisite omissions. We disagree.

The Legislature has dictated "[a]ll opinions of the Criminal Court of Appeals (now the Court of Criminal Appeals) must be given in writing and recorded in the journal." 22 O.S.1991, § 1071. However, the Legislature also dictated "[t]he decisions of the Court of Criminal Appeals shall be in such form as the Court shall specify. They shall be filed with the papers in the case and shall be treated as part of the record in the case;...." 20 O.S.1991, § 49.

The requirement that an opinion be "given in writing" is to ensure that this Court give careful and thoughtful consideration to each case. Summary opinions of this Court carefully set out each proposition of error alleged by appellant all of which are thoroughly reviewed. A decision to reject a given proposition is conscious and not inadvertent.

■ As the state appellate court with exclusive jurisdiction in criminal matters, our primary role is to review the trial record for any alleged errors, as well as to announce and apply principled rules to guide our state's citizens, trial courts and criminal litigators. *See United States v. Cruz*, 581 F.2d 535, 541 (5th Cir.1978). Implicit in this role is the duty to render judgment on the trial court's actions.

■ There is no state or federal constitutional right to an opinion which contains a full compendium of legal citations to each issue raised. *See Taylor v. McKeithen*, 407 U.S. 191, 194 n. 4, 92 S.Ct.1980, 1982 n. 4, 32 L.Ed.2d 648 (1972) (in discussing a federal appellate court's decision of an appeal without an opinion, the Court notes "[t]he courts of appeals should have wide latitude in their decisions of whether or how to write opinions. That is especially true with respect to summary affirmance."); *see also Lego v. Twomey*, 404 U.S. 477, 482 n. 6, 92 S.Ct. 619, 623 n. 6, 30 L.Ed.2d 618 (1972) (reviewing a court of appeals' summary affirmance without comment on its summary nature); *Furman v. United States*, 720 F.2d 263, 264–65 (2d Cir.1983); *Curci v. United States*, 577 F.2d 815, 818 (2d Cir.1978) (scope and length of an opinion rests within the sound discretion of the judicial body issuing the opinion). Further, this is not the first time this Court has adopted an abbreviated opinion format to assist it. *See e.g., Tucker v. State*, 7 Okl.Cr. 634, 635–36, 125 P. 1089 (1912). Contrary to petitioner's implications, not all such opinions are, or were, summary affirmances. *See, e.g., Casteel v. State*, 25 Okl.Cr. 51, 52, 218 P. 1111 (1923).

There is currently a major concern that the quality of justice is being diminished by backlog at all levels of appellate criminal work, and that this backlog in turn contributes to a lack of finality of judgment in our law. It therefore is incumbent upon this Court to dispose of cases as expeditiously as possible, while remaining cognizant that no case is as important to an individual as the one which concerns him or her. To that end, we have determined that unnecessary verbiage and redundant literary exer-

cises are counter-productive. As a result, this Court has officially adopted the summary opinion format, for use when appropriate, to ensure a prompt and just disposition of the matters filed before it. In each case that comes before this Court, we thoroughly consider the entire record before us on appeal, including the original record, transcripts and all the authority and arguments contained in the briefs of the parties. This thorough consideration is reflected in language set forth in each summary opinion. A petitioner on rehearing is free to cite authority he or she may not think this Court has reviewed, or point out some question decisive of the case that was submitted by the attorney of record and overlooked by this Court.

We have reviewed Petitioner's allegations in his petition and find that he is not entitled to a rehearing. He has failed to show that our opinion in this case conflicts with current case law or an express statute; and, he has not presented this Court with any question decisive of the case that was submitted by the attorney of record and overlooked by this Court. *See* 22 O.S. 1991, Ch. 18, App. Rules of the Court of Criminal Appeals, Rule 3.14(B)(1) & (2).

Based upon the foregoing, this Motion for Rehearing is DENIED. The Clerk of this Court is ordered to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge
/s/ James F. Lane
JAMES F. LANE,
Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge