¶ 6 I am authorized to state that Judge Johnson joins in this dissent.

1997 OK CR 81

**The STATE of Oklahoma, Appellant,**

v.

**Johnny Weeden BARNES, Appellee.**

**The STATE of Oklahoma, Appellant,**

v.

**James Bryan TAYLOR, and James Doyle Meyers, Appellees.**

**Nos. S97–590, S97–591.**

Court of Criminal Appeals of Oklahoma.

Dec. 24, 1997.

---

7. The Department of Justice also uses this definition. *See* U.S. Attys. Man. 9–11.150.

8. 22 O.S.1991, § 335.

## ACCELERATED DOCKET ORDER

¶1 The State of Oklahoma, Appellant, filed the above-styled appeals from the ruling of a reviewing judge, dismissing the State's appeal from an adverse ruling of the magistrate, in Case Nos. CF–96–09 and CF–96–299 in the District Court of Cherokee County. In both cases, the magistrate entered a ruling adverse to the State at the preliminary examination, and the State initiated an appeal pursuant to 22 O.S.1991, § 1089.1—1089.7. The Presiding Judge of the Judicial Administrative District assigned the appeals to another judge for review. 22 O.S.1991, § 1089.2(C).In both cases, the State failed to strictly comply with the statutory language requiring that "[a]t least three (3) days prior to the time set for hearing on the state's application to appeal, the state shall serve, either personally or by certified United States mail with return receipt requested, a written notice upon the accused or the accused's attorney of record of the time and place set for the hearing of the state's application to appeal." 22 O.S.1991, § 1089.2(C). The reviewing judge dismissed the cases due to the State's failure to comply with the statutory language and the State filed the above-styled appeals.

¶2 The appeals were automatically assigned to the Accelerated Docket of this Court as actions brought pursuant to Section 1089.1 to 1089.7 of Title 22. Rule 11.2(A)(5), *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1997, Ch. 18, App. During oral arguments in Appeal No. S 97–591, this Court and counsel for the parties agreed that the issue in both appeals is the same and that the appeals should be consolidated.

¶3 In the appeals, the State asserts one (1) proposition of error. The State contends the reviewing court erred in dismissing the State's appeals, for want of strict compliance with the notice requirement of 22 O.S.1991, § 1089.2(C), where the defendants received timely notice of the hearing on the State's appeal, both from State's counsel and from the assigning Judge, and where neither statute nor published case law provide for the harsh sanction of dismissal of the appeals. The Defendants / Appellees do not challenge the State's ability to bring this appeal, and respond claiming the State waived its right to appeal the magistrate's adverse ruling pursuant to 22 O.S.1991, § 1089.2(C) by failing to serve upon the defendants notice of the hearing before the assigned judge.

¶4 The proposition or issue in these appeals was presented to this Court in oral argument on December 4, 1997, pursuant to Rule 11.2(F) of the Rules of this Court. After the conclusion of oral argument, this Court has voted, five to zero (5–0), to affirm the reviewing Judge's dismissal of the State's appeals.

¶5 Contrary to the State's argument, the Legislature has expressly provided the sanction, however harsh, that "[i]n the event the state does not file the application to appeal as provided in Section [1089.2] of this act, the state shall have waived any right to appeal from the magistrate's adverse decision." 22 O.S.1991, § 1089.3. The State acknowledges it did not serve written notice of the time and place of the review hearing on the Appellees or their counsel, and thus did not follow the express provisions of Section 1089.2(C). The reviewing judge was therefore required to find that the State had waived any right to appeal from the adverse rulings of the magistrates, and the appeals had to be dismissed. 22 O.S.1991, § 1089.3.

¶6 The State would ask us not to apply the express language of the statutes, if defendants received actual notice of the time and place for the review hearing, and find that substantial compliance with the statutes is sufficient. However, the rules of statutory construction require us to give effect and fair import to the words as expressed in the statutes. *Wallace v. State*, 910 P.2d 1084, 1086 (Okl.Cr.1996). Moreover, the appellate process does not equate to trial procedures where substantial compliance and lack of

harm will satisfy the due process require-ment of fairness. Appeals, especially appeals by the State, are only required and allowed if specifically provided for by statute. 22 O.S. 1991, §§ 1051, 1053; *Robinson v. State,* 70 Okla.Crim. 365, 106 P.2d 531, 532–33 (1940). Failure to follow the express provisions and steps necessary to perfect an appeal results in the waiver of the right to appeal and the dismissal of the appeal. *E.g.* Rules 2.1(B), 2.5(A), and 3.1(C), *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp. 1997, Ch. 18, App. (failure to timely file a notice of intent to appeal, and designation of record, or a petition in error, constitutes waiver of the right to appeal).

¶7 **IT IS THEREFORE THE ORDER OF THIS COURT** that the orders of the reviewing judge dismissing the State's ap-peals in Cherokee County District Court Case Nos. CF–96–09 and CF–96–299 should be, and are hereby, **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel,
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar,
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin,
GARY L. LUMPKIN,
Judge

/s/ James F. Lane,
JAMES F. LANE,
Judge

/s/ Charles A. Johnson,
CHARLES A. JOHNSON,
Judge