Dear Representative Kinnamon,
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following question:
May the State Insurance Fund engage in the business ofreinsurance?
 GENERAL NATURE OF REINSURANCE
¶ 1 Reinsurance has been defined as a form of insurance, "being the insurance of one insurer ("the reinsured") by another insurer ("the reinsurer") by means of which the reinsured is indemnified for loss under insurance policies issued by the reinsured to the public." Robert Strain, Reinsurance 5 (1980). It is nothing more than the outright sharing of liabilities between insurers. Id.
at 6. For example, while an insurer may be unwilling to assume at its own risk the whole of the insurance offered, it nevertheless does so, and reinsures so much as it deems necessary to reduce its own ultimate exposure to loss to proper limits. Id.
¶ 2 Reinsurance is also defined as a contract whereby one, for a consideration, agrees to indemnify another, wholly or partially, against loss or liability by reason of a risk the latter has assumed under a separate and distinct contract as insurance company of a third person. State ex rel. Long v. BeconInsurance Co., 359 S.E.2d 508 (N.C.Ct.App. 1987). See also
Couch on Insurance 2d, § 1:95 (Rev. ed. 1984). A fundamental purpose of reinsurance is to permit an insurance company to reduce its reserve requirement. American Re-Insurance Co. v.Insurance Commissioner of the State of California,527 F. Supp. 444, 452 (C.D. Cal. 1981). Normally the power of an insurance company to reinsure either its own risk or risk of other insurance companies is determined by either charter or articles of incorporation, as well as State statutes which relate to insurance companies. 46A C.J.S. Insurance § 1502.
 THE STATE INSURANCE FUND
A. Purpose of the Fund
¶ 3 The sole purpose of the State Insurance Fund ("Fund") is to provide workers' compensation insurance to employers and thereby assure that employees who are entitled to compensation for injuries obtained on the job are fully compensated. 85 O.S.Supp. 1998, § 131[85-131].
B. Powers and Authorities of the Fund as a State Agency
¶ 4 It is clear from both case law as well as previous Attorney General Opinions that the Fund is a State agency. State ex rel.State Insurance Fund v. District Court of Oklahoma County,278 P.2d 841, 843 (Okla. 1954); A.G. Opin. 95-36. It is a well settled principle that a State agency has only the powers expressly granted to it by the Legislature or those necessarily or fairly implied for due and efficient exercise of powers expressly granted. Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980).
¶ 5 The powers, duties and authority for handling the business affairs of the Fund are found primarily in 85 O.S. 1991, § 132[85-132],
and Supp. 1998, § 134. Section 132 vests the Insurance Fund Commissioner with the general authority to perform any duties that are necessary or convenient in the exercise of any power or authority over the Fund in the administration thereof, or in connection with the workers' compensation insurance business to be carried on by him/her as fully and completely as a governing body of a private insurance carrier.
¶ 6 While one might argue that this provision grants general authority to the Commissioner to do those things that a private workers' compensation insurer can do, such an argument is not supported when one reads Section 132 with the other provisions of the statutes.
¶ 7 Like private workers' compensation insurers who must rely on their charter, articles of association, or local statutes for the authority to enter into the reinsurance business, the Commissioner of the Fund must look to his/her statutory powers and duties to derive his/her authority. In this regard, Section 134(A)(4) clearly places limitations on the general authority granted the Commissioner in 85 O.S. 1991, § 132[85-132].
¶ 8 Section 134(A) of Title 85 provides the Commissioner of the Fund with the authority:
 1. To enter into contracts of insurance, insuring employers against liability for compensation, and insuring to employees and other persons entitled thereto compensation as provided by the Workers' Compensation Act, Section 1 et seq. of this title;
. . . .
 3. To enter into contracts of insurance insuring persons, firms and corporations against loss, expense or liability by reason of bodily injury, death by accident, occupational disability, or occupational disease suffered by employees for which the insured may be liable or have assumed liability;
 4. To purchase reinsurance for any risk or any portion of any risk of the State Insurance Fund.
85 O.S. Supp. 1998, § 134[85-134](A) (emphasis added).
¶ 9 Where statutes are clear there is no need for construction.Cable Vision of Muskogee v. Tracy, 876 P.2d 743, 746
(Okla.Ct.App. 1994). Here a plain reading of this statute makes it eloquently clear that the Fund may only purchase reinsurance. It does not provide the Fund with the authority to act as a reinsurer by insuring other insurance carriers.
¶ 10 This conclusion is buttressed by the fact that prior to the 1997 amendment, Section 134(A)(4) provided that the Fund could "reinsure any risk or part thereof."
¶ 11 The earlier version of Section 134(A)(4) was ambiguous enough to be construed to give the Fund Commissioner the authority to become a reinsurer, and reinsure the risk of other insurance companies. The purpose of the 1997 amendment was to remove the Fund's authority to enter into the reinsurance business. By amending this section the Legislature has clarified its position on the Fund's ability to act as a reinsurer.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
Under the Provisions of 85 O.S. Supp. 1998, § 134(A)(4), theState Insurance Fund may only purchase reinsurance of riskretained by the Fund. The Fund is not, however, authorized toissue reinsurance coverage.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL