1999 OK CR 14

**STATE of Oklahoma, Appellant,**

v.

**Michael YOUNG, Appellee,**

**and**

**State of Oklahoma, Appellant,**

v.

**John Veith, Appellee.**

Nos. S–98–212, S–98–344.

Court of Criminal Appeals of Oklahoma.

April 5, 1999.

## ACCELERATED DOCKET ORDER

¶1 Appellee Young was charged by indictment filed on October 20, 1997, in the District Court of Oklahoma County, Case No. CF–97–6427, with five (5) counts of False Claims Against the State in violation of 21 O.S.1991, § 358. On January 23, 1998, Young's demurrer to the indictment was sustained by Special Judge Charles Humble. The State appealed that ruling to the District Court of Oklahoma County, District Judge Virgil Black. In an order entered February 13, 1998, Judge Black affirmed the magistrate's ruling, finding that funds of the Oklahoma State Insurance Fund (hereinafter "Fund") are not public funds pursuant to 21 O.S.1991, § 358. From this ruling the State appeals.

¶2 Appellee Veith was charged by information filed on February 19, 1998, in the District Court of Oklahoma County, Case No. CF–97–6426, with five (5) counts of False Claims Against the State in violation of 21 O.S.1991, § 358. On March 6, 1998, Veith's demurrer to the information was sustained by Special Judge David M. Harbour. The State appealed that ruling to the District Court of Oklahoma County, District Judge Virgil Black. In an order entered April 21, 1998, Judge Black affirmed the magistrate's ruling finding that funds of the Oklahoma State Insurance Fund are not public funds pursuant to 21 O.S.1991, § 358. From this ruling the State appeals.

¶3 As the issues presented in both of these appeals were the same, and involved the same factual situation, the cases were combined for purposes of oral argument.

¶4 In *State v. Young*, Case No. S–98–212, the State presented the following proposition of error:

1. Claims for professional services made against the Oklahoma State Insurance Fund are, for the purposes of 21 O.S. § 358, claims against the State for payment of public funds, and the mere fact that the funds of the State Insurance Fund are not subject to legislative appropriation does not change their character as public funds.

¶5 In *State v. Veith*, Case No. S–98–344, the State presented the following proposition of error:

1. The District Court erred in finding that the funds of the Oklahoma State Insurance Fund are not public funds as used in 21 O.S. § 358.

Pursuant to Rule 11.2(A)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1998), these matters were automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument December 10, 1998, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

¶6 In response to the State's appeal of the magistrate's ruling, Appellee Young filed a motion to dismiss the State's appeal, alleging the State had no statutory authority to appeal an order sustaining a demurrer to an indictment. Oral argument was heard on Appellee Young's motion to dismiss at the same time this Court considered the State's appeal. We will first address the motion to dismiss filed in *State v. Young*.

¶7 The State is given the power to appeal certain adverse rulings only if specifically provided for by statute. *State v. Barnes*, 1997 OK CR 81, ¶6, 952 P.2d 1001, 1002–1003; *Robinson v. State*, 1970 OK CR 365, 70 Okla.Crim. 365, 106 P.2d 531, 532–33 (1940). Those limited, appealable matters are enumerated in 22 O.S.1991, §§ 1053 and 1089.1. Section 1053 provides:

Appeals to the Court of Criminal Appeals may be taken by the state or a municipality in the following cases *and no other:*

1. Upon judgment for the defendant on quashing or setting aside an indictment or information;

2. Upon an order of the court arresting the judgment;

3. Upon a question reserved by the state or a municipality; and

4. Upon judgment for the defendant on a motion to quash for insufficient evi-

dence in a felony matter. (Emphasis added).

¶ 8 Section 1089.1 provides:

The State of Oklahoma, by and through the district attorney or Attorney General, shall have the right to appeal an adverse ruling or order of a magistrate sustaining a motion to suppress evidence, quashing an information, sustaining a plea to the jurisdiction of the court, failing to find prosecutive merit in a hearing pursuant to Section 1112 of Title 10 of the Oklahoma Statutes, *sustaining a demurrer to the information,* binding the defendant over for trial on a charge other than the charge for the original offense, or discharging a defendant at the preliminary examination because of insufficiency of the evidence to establish either that a crime has been committed or that there is probable cause to believe that the accused has committed a felony. Such an appeal shall be taken in accordance with the procedures provided in this act. (Emphasis added.)

¶ 9 The State is required to proceed according to certain rules and procedures in appealing adverse rulings to this Court. See, 22 O.S.1991, § 1089.1 and *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998), Rules 1.0, *et seq.* Failure to follow the express statutory provisions and steps necessary to perfect an appeal results in the waiver of the right to appeal, and dismissal of the appeal. *Barnes,* 1997 OK CR 81, ¶ 6, 952 P.2d at 1002–1003.

¶ 10 Under § 1089.1, the State is only allowed to appeal to this Court after it has appealed the magistrate's unfavorable ruling to another district judge or associate district judge within the same judicial administrative district. 22 O.S.1991, § 1089.2(C). In the event the state's application to appeal is denied, and the assigned judge affirms the magistrate's ruling or order, that ruling or order is then appealable to the Court of Criminal Appeals. 22 O.S.1991, § 1089.7. In the event the State appeals an adverse ruling pursuant to § 1053, that adverse ruling is directly appealable to this Court. 22 O.S. 1991, § 1053.

¶ 11 The appeal in Mr. Young's case was from an adverse ruling of the magistrate sustaining the defendant's demurrer to the *indictment.* The State argues that this ruling was properly appealable pursuant to § 1089.1, alleging that an indictment is the same as an information. Since § 1089.1 allows the State to appeal from an adverse ruling of a magistrate sustaining a demurrer to an *information,* the State alleges it should be allowed to pursue its appeal via § 1089.1.

¶ 12 We disagree. The statutory provisions allowing the State the right of appeal are limited and very specific. There is a provision allowing the State to appeal from this particular adverse ruling, but it is not § 1089.1. While there are places in our statutes and case law where the terms "information" and "indictment" are used interchangeably, the terms are not used interchangeably in these particular statutes. This particular adverse ruling was appealable only pursuant to § 1053(1), and Rule 2.1(D), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998).

¶ 13 As noted in the State's brief-in-chief filed in this matter, criminal statutes are to be construed strictly against the State and liberally in favor of the accused. *Boutwell v. State,* 1983 OK CR 17, ¶ 36, 659 P.2d 322, 329. We will not presume that the Legislature intended to allow the State to appeal a matter not specifically designated in a statute.

¶ 14 The State appealed the matter through the procedure set forth at § 1089.1, *et seq.* By failing to use the proper vehicle to appeal the magistrate's adverse ruling, the State's appeal to this Court was not timely filed. Filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the appeal. *See,* Rule 2.1(D), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998). As the State did not timely file its Notice of Intent to Appeal in the District Court, it has waived its right to appeal this particular ruling. Appellee Young's motion to dismiss the state's appeal is **GRANTED.**

¶ 15 However, even if we found the State's appeal in *Young* was timely filed, we do not find that the District Court abused its discretion in affirming the magistrate's ruling. The magistrate did not err in ruling that the funds of the State Insurance Fund are not public funds for purposes of 21 O.S. 1991, § 358.

¶ 16 In *State v. Veith*, the State urges this Court to find, for purposes of criminal statute 21 O.S.1991, § 358, that the funds of the State Insurance Fund are "public funds". The characterization of the funds in question is key to determining whether or not the Appellee can be charged under the referenced statute. Section 358 reads:

> § 358. False, fictitious or fraudulent claims against state
>
> It shall be unlawful for any person, firm, corporation, association or agency to make, present, or cause to be presented to any employee or officer of the State of Oklahoma, or to any department or agency thereof, any false, fictitious or fraudulent claim for payment or **public funds** upon or against the State of Oklahoma, or any department or agency thereof, knowing such claim to be false, fictitious or fraudulent. (Emphasis added.)

In asking this Court to reverse the ruling of the District Court, the State claims Judge Black incorrectly applied the Oklahoma Supreme Court's holding in *Moran v. State ex rel. Derryberry*, 1975 OK 69, 534 P.2d 1282, to this case. The State alleges that this Court is not bound by the *Moran* decision, and that a finding that the Fund's monies are public funds for purposes of prosecuting Appellee Veith is not inconsistent with the *Moran* decision.

¶ 17 We agree that this Court is not bound by the Supreme Court's decision in *Moran* as it relates to criminal matters. The Court of Criminal Appeals has "exclusive appellate jurisdiction, co-extensive with the limits of the State, in all criminal cases appealed from the district, superior, and county courts, and such other courts of record as may be established by law." 20 O.S.1991, § 40. However, as the state appellate court with exclusive jurisdiction in criminal mat-

ters, our primary role, in addition to reviewing the trial record for any alleged errors, is to announce and apply principled rules to guide our state's citizens, trial courts and criminal litigators. *Johnson v. State*, 1993 OK CR 11, ¶ 6, 847 P.2d 810, 811. In so doing, we find a well-reasoned opinion by our own Supreme Court, while not binding on this Court, is persuasive.

¶ 18 In *Moran*, policyholders of the State Insurance Fund sued to enjoin the Fund Commissioners and the Board of Managers from liquidating Fund assets in the amount of $4,000,000.00. The State Legislature had directed the liquidation of the funds, to be subject to expenditure by the Legislature. The trial court found that the Legislature's attempted appropriation was unconstitutional and void, on several grounds, including Art. 2, § 15, of the Oklahoma Constitution which forbids any law impairing the obligation of contracts. The Oklahoma Supreme Court agreed, finding the funds in the State Insurance Fund were trust funds held for the benefit of the employers and employees insured by the Fund. After an extensive analysis of the nature and purpose of the Fund, the Supreme Court concluded that the monies in the Fund are to be expended only for a specific purpose, which did not include appropriation by the Legislature. The Supreme Court specifically found that the Fund's funds were not public funds. The Court stated:

> It is our conclusion the funds of the State Insurance Fund are not State funds and do not belong to the State, that such funds are trust funds for the benefit of employers and employees, and are not available for the general or other purposes of the State, nor are they subject to appropriation by the Legislature for purposes other than those contemplated by the State Insurance Fund Act. *Moran*, at 1288.

¶ 19 Despite the State's claims to the contrary, we find the Supreme Court's language in *Moran* is unequivocal: the funds of the State Insurance Fund are not public funds insofar as they are not available for

public use or purposes.[1] While the Supreme Court did not specifically rule that the funds were not public funds for purposes of criminal prosecution, it did find that the funds are not State funds, do not belong to the State, are not available for general or other purposes of the State, and, as such, are not public funds.

¶ 20  The State cites to various cases and Attorney General opinions which seem to reason that the State Insurance Fund is, for some purposes, considered a State agency and/or department. It is the State's contention that the definition of "public funds" is broader than the definition the Supreme. Court used in defining the term "state funds." We do not find this argument persuasive.

¶ 21  This is not the first time the courts have been called upon to determine the nature of the State Insurance Fund. In 1954, the Oklahoma Supreme Court held that the Fund was protected by the State's sovereign immunity. *State v. District Court of Oklahoma County*, 1954 OK 171, 278 P.2d 841. In 1958, the Fund attempted to bring an indemnity action, arguing that as a department of the State of Oklahoma, the statute of limitations did not run against it. Rejecting this argument, the Supreme Court found that while the statute of limitations did not apply to the State in its sovereign capacity, when the State goes into business in concert, or in competition with, individuals, or when a suit in its name or for its benefit concerns private, as distinguished from public, rights, or a suit is not brought in the capacity of sovereignty, the State is not exempt from the statute of limitations. *State Insurance Fund v. Taron*, 1958 OK 282, ¶ 15, 333 P.2d 508, 513.

¶ 22  In *State v. Bone*, 1959 OK 135, 344 P.2d 562, less than a year later, the Supreme Court took another look at the nature of the State Insurance Fund. In *Bone*, a tort action

arising out of an automobile accident was brought against the Fund, and the Supreme Court was asked to reconsider its holding that tort actions against the Fund were barred by sovereign immunity. The Supreme Court concluded, after an extensive examination of the nature of the Fund, that the Fund was not protected by traditional sovereign immunity, overruling its decision in *State v. District Court of Oklahoma County*. *Bone*, 1959 OK 135, ¶ 20, 344 P.2d at 568–69. Concluding that immunity did not protect the Fund from suit, the *Bone* Court relied on both the Fund's managerial independence and its financial independence. The Court, however, recognized that the Fund was an "agency or instrumentality of the State." *Id.*

¶ 23  The Bone decision addressed the dual nature of the Fund, and the Supreme Court recognized that on one hand the Fund is a "department", "agency" or "instrumentality" of the State, and on the other hand it performs a purely business function, running a workers' compensation insurance company.

¶ 24  Finally, in 1975, when the Legislature attempted to appropriate monies out of the Fund for general government uses, the Supreme Court took another look at the nature of the Fund. It determined that the Fund was still to be regarded as an independent business enterprise or entity. *Moran*, 1975 OK 69, ¶¶ 24–25, 534 P.2d at 1286, quoting *State v. Bone*, 1959 OK 135, ¶ 20, 344 P.2d at 568–569. In concluding that the Fund monies were not State funds subject to appropriation, the Moran Court concluded that the monies in the Fund were trust funds held for the benefit of employers and employees who have rights under the insurance policies issued by the Fund. *Moran*, 1975 OK 69, ¶ 34, 534 P.2d at 1288.

¶ 25  We adhere to the Supreme Court's construction of the Fund's nature, and agree that the Fund has attributes of both a private insurance company and a State entity.

---

1.  We recognize that the Supreme Court used the term "state funds" when referring to the State Insurance Fund. However, the question considered in the *Moran* appeal was the matter of the legal status of the funds of the State Insurance Fund. Throughout the discussion of that issue, the terms public fund(s) and state fund(s) are used interchangeably by the Supreme Court.

The difference the State cites to in the use of the terms "public funds" and "state funds" is, in this particular case, a distinction that makes no difference. The nature of the funds is what was being determined by the Supreme Court, and the *Moran* holding is clear that the funds of the State Insurance Fund are not available for public use.

We also recognize the soundness of the ruling that the funds in the Fund are held in trust for the benefit of the employers and employees who are policy holders and beneficiaries of those insurance policies issued by the Fund. Examining the nature of the Fund, and the purpose for which it was created, in light of the criminal statute under which the State seeks to prosecute Appellee Veith, we find that the funds of the State Insurance Funds are not "public funds" as defined in § 358.

 ¶ 26 The power to define crime and punishment in this State lies with the Legislature. *Walker v. State,* 1998 OK CR 14, ¶ 6, 953 P.2d 354, 356; *Salyers v. State,* 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. At the time the Legislature enacted § 358, in 1970, the *Bone* decision had been law for over 11 years. Had the Legislature, upon enacting the statute, intended to expand the term "public funds" to include any funds in the possession of any agency or department of the State of Oklahoma, it could have done so. It did not.

¶ 27 Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each. *Lozoya v. State,* 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28; *State v. Ramsey,* 1993 OK CR 54, ¶ 7, 868 P.2d 709, 711. It is also well established that statutes are to be construed according to the plain and ordinary meaning of their language. *Wallace v. State,* 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369–370; *Virgin v. State,* 1990 OK CR 27, ¶ 7, 792 P.2d 1186, 1188. We also recognize that the fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute. *Wallace v. State,* 1996 OK CR 8, ¶ 4, 910 P.2d 1084, 1086; *Thomas v. State,* 1965 OK CR 70, ¶ 4, 404 P.2d 71, 73. However, it is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result. We will not enlarge the meaning of words included in a statute to create a crime not defined by that statute. It is the province of the Legislature to expand the reach of § 358 and the definition of "public funds" to include any funds held, utilized or otherwise controlled by State agencies and/or departments.

¶ 28 It is the finding of this Court that the trial court did not abuse its discretion in granting Appellee's demurrer and finding that the funds of the Oklahoma State Insurance Fund are not "public funds" pursuant to 21 O.S.1991, § 358.

¶ 29 **IT IS THEREFORE THE ORDER OF THIS COURT,** by a five (5) to zero (0) vote, that the Judgment of the district court is **AFFIRMED.**

¶ 30 **IT IS SO ORDERED.**

¶ 31 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 5th day of April, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ James F. Lane
JAMES F. LANE, Judge [2]

---

2. Judge Lane's vote affirming the judgment of the District Court was entered prior to his retirement from the bench on December 31, 1998.