Dear Representative Boren,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, the following questions:
 1. Is a retired judge or justice, not assigned to post-retirement judicial service, who is drawing judicial retirement pay under the provisions of 20 O.S. 2001 Supp. 2002, §§ 1101-1111, eligible for appointment to any paid position with CompSource Oklahoma, which was created and established under the provisions of 85 O.S. 2001 Supp. 2002, §§ 131 — 151?
 2. If the answer to No. 1 is "Yes," do the provisions of 20 O.S. 2001 Supp. 2002, §§ 1102 or 1102.1 require that retired judges or justices have their retirement compensation suspended during such time as they serve in any such paid position with CompSource Oklahoma, which generally is funded by insurance premiums paid by Oklahoma employers?
 3. If the answer to No. 2 is "Yes," is a paid position with CompSource Oklahoma, such as its president and chief executive officer, a "political" office, under provisions of 20 O.S. Supp. 2002, § 1102[20-1102], which would trigger a suspension of any judicial retirement compensation?
 Background
¶ 1 CompSource Oklahoma, formerly known as the State Insurance Fund ("Fund"), 85 O.S. Supp. 2002, § 131[85-131](e), is an entity first created by an Act of the Legislature in 1933. 1933 Okla. Sess. Laws ch. 28, § 1; Moran v. State ex rel. Derryberry,534 P.2d 1282, 1284 (Okla. 1975). The Fund of 1933, with intervening amendments and some repealed sections, now is codified at 85 O.S. 2001 and Supp. 2002, §§ 131-151. The Fund, as described by the Oklahoma Supreme Court, "was created during the Great Depression to satisfy the need for Workmen's Compensation insurance for companies unable to procure coverage from private insurance companies and for employers in high risk industries."Derryberry, 534 P.2d at 1284. Section 131 of Title 85 describes the Fund in more detail, providing that it is a revolving fund consisting of premiums, interest and other assets, and that the Fund may be used to pay losses sustained on account of insurance policies sold, and to payment of expenses. Id. § 131(a), (b).
 Analysis
¶ 2 In summary, you ask if a retired judge or justice (not assigned to post-retirement judicial service) could be eligible for the paid position of president and chief executive officer with CompSource Oklahoma, without the suspension of her or his judicial retirement compensation. CompSource's general purpose is to insure employers against liability for workers' compensation claims and to assure that the employees entitled to benefits under workers' compensation laws receive such benefits through the insurance. Id. § 131. Since CompSource Oklahoma is generally funded through premiums paid by employers for workers' compensation insurance policies and investments of those funds, (id. 131(a)), and Oklahoma courts have held the Fund is not State funds, then the answer is yes, a retired judge is eligible for appointment to a paid position such as president and chief executive officer with CompSource Oklahoma, without the suspension of her or his judicial retirement compensation.
¶ 3 You first ask whether a retired judge can be appointed to any paid position with CompSource Oklahoma, and the answer is yes. You next ask whether there is an applicable exception to the suspension of judicial retirement since CompSource is funded not by State funds, but by insurance premiums paid by Oklahoma employers, and again the answer is yes. Because of the applicable exception, it is not necessary to determine whether the president and chief executive officer is a political office.
 I. ¶ 4 A Retired Judge Or Justice, Not Assigned To Post-Retirement Judicial Service, Who Is Drawing Judicial Retirement Pay Under The Provisions Of 20 O.S. 2001 Supp. 2002, §§ 1101-1111, Is Eligible For Appointment To Any Paid Position With CompSource Oklahoma, Which Was Created And Established Under The Provisions Of 85 O.S. 2001 Supp. 2002, §§ 131-150.
¶ 5 The Oklahoma Constitution, Article VII, Section 11(b), prohibits justices or judges from holding any other office or position of profit. This prohibition does not apply to retired judges or justices. In providing for the establishment of the uniform retirement system for judges and justices, 20 O.S. Supp.2002, § 1102[20-1102] sets forth the conditions under which a judge or justice can retire. The statute provides in pertinent part that upon approval by the Governor of a decision of any judge or justice to retire under the Act, "the office held by such Justice or judge shall become vacated." Id. (emphasis added). Thus, when justices or judges retire, they no longer hold judicial office. Because retired jurists no longer hold a judicial office, the prohibitions which attach to the office no longer apply to them. The prohibitions of Article VII, Section 11(b), accordingly, do not prohibit a retired judge or justice from being appointed to any paid position with CompSource Oklahoma.
¶ 6 Similarly, the dual office holding prohibitions of 51 O.S.2001, § 6[51-6](A) do not prohibit a retired judge or justice from being appointed to any paid position with CompSource Oklahoma. Under the provisions of Section 6(A), any person "holding an office under the laws of the state," or any "deputy of any officer so holding any office," is prohibited from holding any other office or from being the deputy of any other office holder under State law, unless the office holder falls into one of several exceptions, or unless otherwise provided by law. Since retired judges or justices do not hold an office because by law they have vacated their former offices, the dual office holding prohibitions do not apply to retired judges or justices.
¶ 7 For the reasons set forth above, we conclude that retired judges or justices are not prohibited from being eligible for appointment to any paid position with CompSource Oklahoma, by either the prohibitions against holding other offices or positions of profit contained in Article VII, Section 11(b) of the Oklahoma Constitution, or by the dual office holding prohibitions of 51 O.S. 2001, § 6(A).
 II. ¶ 8 Since CompSource Oklahoma Is Funded By Insurance Premiums Paid By Oklahoma Employers, Which Have Been Held By The Courts Not To Be "State Funds," The Provisions Of 20 O.S. 2001 Supp. 2002, §§ 1102 or 1102.1, Do Not Require That The Retirement Compensation Of Retired Judges Or Justices Be Suspended When They Serve In Any CompSource Oklahoma Position Paid Out Of The Fund.
¶ 9 The final sentence of 20 O.S. Supp. 2002, § 1102, requires that retired jurists who are appointed to "any political or judicial office" are to have their retirement compensation suspended while they hold office.
¶ 10 There are two statutory exceptions to this suspension requirement. Under the provisions of 20 O.S. 2001, § 1107[20-1107], post-retirement assignment to judicial duties by the State Supreme Court does not trigger suspension of retirement pay, as assignment to such duties under the statute "shall not constitute the creation of a public office." This exception does not apply to CompSource Oklahoma.
¶ 11 The other exception is found in 20 O.S. 2001, § 1102.1[20-1102.1],
which limits the suspension requirement to a post-retirement appointment to a political or judicial office whose compensation "is paid from fees, levies or taxes imposed by the State of Oklahoma or any political subdivision thereof." Id.
Accordingly, the appointment to a political or judicial office where the compensation does not come from the State or one of its political subdivisions, does not trigger the retirement compensation suspension provision of Section 1102. This exception applies to a position with CompSource Oklahoma which is paid out of the Fund.
¶ 12 In 1975, the Legislature attempted to appropriate monies out of the Fund for general government uses. Derryberry,534 P.2d at 1284. In Derryberry, the Oklahoma Supreme Court examined the nature of the Fund and determined that the Fund was to be regarded as an independent business enterprise or entity.Id. at 1286 (citation omitted). The court also concluded that the monies in the Fund were not State funds and did not belong to the State; rather, such funds were trust funds for the benefit of employers and employees, and were not available for general or other purposes of the State. Id. at 1288.
¶ 13 The Oklahoma Court of Criminal Appeals examined the Fund in 1999 to determine whether the monies in the Fund were "public funds" for purposes of a criminal statute. See State v. Young,989 P.2d 949 (Okla.Crim. 1999). The court agreed with the Oklahoma Supreme Court's construction of the Fund's nature and concluded that the monies in the Fund were neither "State" nor "public" funds. Id. at 954-55.
¶ 14 In 2001, the Oklahoma Supreme Court again recognized that generally the monies in the Fund were not State funds, but rather trust funds held for the benefit of the employers/employees.Fehring v. State Ins. Fund, 19 P.3d 276, 281 (Okla. 2001).Fehring stated the Fund (now CompSource Oklahoma) is generally funded through premiums paid by employers for workers' compensations insurance policies and investments of those funds.Id. at 281-82.
¶ 15 Based on the relevant cases and statutes, we conclude that as long as the compensation for the president and chief executive officer of CompSource Oklahoma is paid out of the Fund, it would not be paid by State funds. Further, 85 O.S. 2001, § 131[85-131](b) allows for the Fund to be used to pay expenses, such as salaries. Therefore, the statutory exception found at Section 1102.1 of Title 20 would apply, and the retirement compensation of any retired judge would not be suspended during the periods of time he or she was appointed president and chief executive officer of CompSource Oklahoma and paid out of the Fund.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A retired judge or justice, not assigned to post-retirement judicial service, who is drawing judicial retirement pay under the provisions of 20 O.S. 2001 Supp. 2002, §§ 1101-1111, is eligible for appointment to any paid position with CompSource Oklahoma, which was created and established under the provisions of 85 O.S. 2001 Supp. 2002, §§ 131 — 150.
 2. Since CompSource Oklahoma is funded by insurance premiums paid by Oklahoma employers, and Oklahoma courts have determined the Fund is not State funds, the provisions of 20 O.S. 2001 Supp. 2002, §§ 1102 or 1102.1 do not require that retired judges or justices have their retirement compensation suspended during such time as they serve in any such position with CompSource Oklahoma paid from the Fund.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LISA TIPPING DAVIS Assistant Attorney General