**Bobby L. GILBERT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O-87-637.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1988.

Everett R. Bennett, Jr., Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Bobby L. Gilbert, entered pleas of nolo contendere to four counts of Violation of a Protective Order in the District Court of Tulsa County, Case Nos. CRM–86–488 and CRM–86–507. He received a six (6) month suspended sentence on each count. The State filed applications to revoke the suspended sentences in each case, alleging further violations of the protective order. This appeal is brought from the order of the District Court revoking the suspended sentences.

The record reflects that on February 27, 1986, an ex parte emergency protective order was issued against appellant pursuant to the Protection from Domestic Abuse Act, 1982 Okla.Sess.Laws, Ch. 255, § 1 et seq., now amended as 22 O.S.Supp.1987, § 60 et seq. Appellant was ordered, among other things, not to visit with, assault, molest, or otherwise interfere with his wife, not to threaten her, and to remain away from her residence. The emergency order also set forth the penalty for violation of the order and the date and time of the hearing to issue a final protective order. Appellant was served with a copy of the emergency order by private process server. On March 10, appellant and his wife appeared and agreed to a final order containing the same protections, except that no specific provision was made concerning threats. The order also set a hearing on September 19, 1986, at which time the protective order would be dissolved unless appellant or his wife requested that the order remain in full force and effect. On September 19, the wife appeared and requested that the order remain in force. Appellant did not appear or respond, and the request was granted.

In April, 1986, appellant was charged with four counts of violating the March 10 order by kicking down his wife's door, breaking out the rear window and damaging the grill of her car, and threatening her over the telephone. He pled nolo contendere to each charge. The trial court sentenced him to six (6) months on each, but suspended the sentences on certain conditions, including a provision that appellant not violate any laws.

In August, 1986, the State filed an application to revoke the suspended sentences. The application was not heard until December, 1986. After both sides presented their evidence, the district court revoked the suspended sentences on the basis of phone calls made to the wife on August 22, 1986, September 8, 1986, and October 29, 1986, in violation of the protective orders. The calls involved harsh language, threats of harm, threats to prevent the wife from seeing her son, and a warning that "some-

one" may have tampered with the brakes on her car.

■ In his first assignment, appellant attacks the constitutionality of the Protection from Domestic Abuse Act, claiming that it is vague, ambiguous, and overbroad. First, he claims that "visit" is not a defined term, and that a person of ordinary intelligence is unable to ascertain its meaning in the context of an order authorized by 22 O.S.Supp.1987, § 60.4(D)(2). It is a common rule of statutory construction that words in a statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. *See* 25 O.S.1981, § 1. When "visit" is read the in context of 22 O.S.Supp.1987, § 60.4(D)(2), "visit" means a personal confrontation initiated by the enjoined person. The argument that use of the term "visit" makes the Act unconstitutionally vague must fail.

■ Appellant additionally asserts that the phrase, "or otherwise interfere with," is unconstitutionally vague and ambiguous. This argument must also fail. Under the doctrine of ejusdem generis, where general words follow particular words, the general words will be considered as applicable only to things of the same general character, kind, nature, or class as the particular things, and cannot include wholly different things. *Nucholls v. Board of Adjustment of the City of Tulsa*, 560 P.2d 556, 559 (Okla.1976). In the Act, "otherwise interfere" is immediately preceded by "visit, assault, molest, [or] harass." Applying the doctrine to this statute, it is clear that the interference contemplated must be of the same general character, kind, nature, or class as visit, assault, molest, or harass. The statute is not unconstitutionally vague on this basis.

■ Finally in this assignment, appellant asserts that the Act is unconstitutionally overbroad because it operates to eliminate a person's freedom of speech with his or her spouse. We first reject any notion that the First Amendment to the United States Constitution or Article 2, § 22 of the Oklahoma Constitution ever covered threatening or abusive communications to persons who have demonstrated a need for protec-tion from an immediate and present danger of domestic abuse. Moreover, this argument is apparently premised upon the expansive definition of "visit" which appellant would use to strike the Act for vagueness. Where an act is readily subject to a narrowing construction which would avoid violation of the overbreadth doctrine, then that narrow construction should be applied and the act should be upheld against a facial challenge. *C.f., Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125 (1975). As shown above, "visit" is readily subject to a narrow construction, and we hold that the construction recognized in this opinion does not have a real and substantial effect on any legitimate and constitutionally protected speech. *See Erznoznik, supra.* Accordingly, appellant's first assignment is without merit.

In his second assignment, appellant asserts that he was denied both procedural and substantive due process by the protective orders of March 10, and September 19. First, he claims that he received inadequate notice of the hearing on September 19. Although he admitted in the revocation hearing that he was present at the March 10, hearing when the district judge set the hearing for September 19, he denied that he was ever informed of the specific date on which the hearing would be held, denied that he received a copy of the order from the judge on March 10, and went so far as to deny that he had ever seen the March 10, order prior to the revocation hearing.

■ His claims are simply unsupportable on the record provided to this Court. Even if appellant had not obtained a copy of the protective order on March 10, we note that a copy of that order was attached to the information in Case No. CRM–86–488, a copy of which was provided to appellant. Another copy of the order was attached to the information in CRM–86–507, a copy of which was also provided to appellant. Furthermore, appellant pled nolo contendere to the charges in each case. No attempt was made to withdraw the pleas, and the judgments in these cases are final. The legal

effect of such pleas is the same as that of pleas of guilty, with the exception that they may not be used as admissions in certain civil suits. *See* 22 O.S.1981, § 513. Appellant entered his pleas to charges under 22 O.S.Supp.1987, § 60.6, which provides, *"Any person who has been served* with an ex parte or final protective order and is in violation of such protective order, upon conviction, shall be guilty of a misdemeanor...."* (Emphasis added.) It is thus clear that by entry of his pleas, appellant admitted service of the order. His challenge to notice of the September 19, hearing is without basis in the record and will not be addressed further. The same analysis disposes of appellant's claim that he could not have understood the nature and consequences of the March 10, order due to lack of service.

Appellant's substantive due process argument also must fail. Although he relies upon *City of Edmond v. Wakefield,* 537 P.2d 1211 (Okla.1975), to describe what is involved in substantive due process, appellant makes no attempt in his brief to demonstrate how the record in this case reflects a denial of substantive due process. We cannot find that the Act arbitrarily deprives citizens of their liberty, nor that the trial court's action did so in this case. This assignment is without merit.

In his final assignment, appellant asserts that none of his conduct violated any laws, and therefore, there was no basis to revoke his suspended sentences.

This argument wholly overlooks his harassing phone calls which were in violation of a protective order. Violation of a protective order is a misdemeanor under 22 O.S.Supp. 1987, § 60.6. Appellant's conduct violated the statutes of this State. He thereby violated the terms of his suspended sentence, and this assignment must fail.

Finding no basis for reversal, the orders of the District Court of Tulsa County revoking appellant's suspended sentences in Case Nos. CRM–86–488 and CRM–86–507 are AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree in the majority's disposition of appellant's case, I write separately to address the question of constitutionally protected speech. Initially, it should be noted that 22 O.S.Supp.1986, § 60.1–7 seeks to regulate conduct rather than speech, as evidenced by the definitions of "domestic abuse." The Act attempts to control physical harm caused by family members, including but not limited to conduct which constitutes assault, rape or aggravated assault and battery. *See* 22 O.S. Supp.1986, § 60.1. Even if this were to be considered a regulation of speech, it is clear that words "which by their very utterance inflict injury" are not constitutionally protected. *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942); *Harrington v. State,* 763 P.2d 700 (Okla.Crim.App.1988.) Accordingly, I concur.