OSCN Found Document:IN RE ADOPTION OF 2014 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE ADOPTION OF 2014 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS
2014 OK CR 15
Case Number: CCAD-2014-4
Decided: 11/19/2014
IN RE: ADOPTION OF THE 2014 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

Cite as: 2014 OK CR 15, __ __

 

ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM 
JURY
INSTRUCTIONS-CRIMINAL (SECOND EDITION)
¶1 On September 2, 2014, The Oklahoma Court of Criminal Appeals Committee for 
Preparation of Uniform Jury Instructions submitted its report and 
recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury 
Instructions-Criminal (Second Edition). The Court has reviewed the report by the 
committee and recommendations for the adoption of the 2014 proposed revisions to 
the Uniform Jury Instructions. Pursuant to 12 O.S. 2011, § 577.2, the Court 
accepts that report and finds the revisions should be ordered adopted.
¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of The 
Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury 
Instructions shall be accepted, the revisions shall be available for access via 
the internet from this Court's web site at www.okcca.net on the date of this 
order and provided to West Publishing Company for publication. The 
Administrative Office of the Courts is requested to duplicate and provide copies 
of the revisions to the judges of the District Courts and the District Courts of 
the State of Oklahoma are directed to implement the utilization of these 
revisions effective on the date of this order.
¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED the amendments to 
existing OUJI-CR 2d instructions, and the adoption of new instructions, as set 
out in the following designated instructions and attached to this order, are 
adopted to wit:


4-68A; 4-113A; 4-113B; 4-113C; 4-113-D; 5-2; 5-4; 5-43; 5-98; 5-99; 5-100; 
5-114A; 7-4; 7-5; 7-6; 7-7; 9-6A; 10-21A
¶4 The Court also accepts and authorizes the updated committee comments and 
notes on use to be published, together with the above styled revisions and each 
amended page in the revisions to be noted at the bottom as follows "(2014 
Supp.)".
¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of The 
Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal 
Jury Instructions be commended for their ongoing efforts to provide up-to-date 
Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.
¶6 IT IS SO ORDERED.
¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 19th day of 
November, 2014.
/s/DAVID B. LEWIS, Presiding Judge
/s/CLANCY SMITH, Vice Presiding Judge
/s/GARY L. LUMPKIN, Judge
/s/ARLENE JOHNSON, Judge
ATTEST:
Michael S. Richie
(Clerk)




OUJI-CR 4-68A
DEATH PENALTY - MENTAL RETARDATION
You must first determine if the Defendant is mentally retarded as it is 
defined below. This must be done before deciding what sentence to impose. A 
Defendant who is mentally retarded cannot be sentenced to death. It is the 
Defendant's burden to prove by a preponderance of the evidence that 
he/she is mentally retarded. Preponderance of the evidence means more 
probable than not. 
A person is mentally retarded if he/she has significantly subaverage 
general intellectual functioning along with significant limitations in adaptive 
functioning. 
"Significantly subaverage general intellectual functioning" means an 
intelligence quotient of seventy (70) or below. An intelligence quotient of 
seventy (70) or below on an individually administered, scientifically recognized 
standard intelligence quotient test administered by a licensed psychiatrist or 
psychologist is evidence of significantly subaverage general intellectual 
functioning. A score on an intelligence quotient test may differ from a 
person's actual intelligence quotient because of the possibility of measurement 
error, and you must take into account the standard error of measurement for the 
test administered in In determining the intelligence 
quotient, the standard measurement of error for the test administrated 
shall be taken into account. 
"Significant limitations in adaptive functioning" means significant 
limitations in two or more of the following adaptive skill areas; communication, 
self-care, home living, social skills, community use, self-direction, health, 
safety, functional academics, leisure skills and work skills. 
The onset of the defendant's mental retardation must have been noticeable 
before the age of eighteen (18) years; however, the intelligence quotient test 
does not have to have been administered before the age of eighteen (18) 
years.


In reaching your decision, you must determine: 
(1) Does the Defendant have an intelligence quotient of seventy (70) or 
below? 
(2) Does the Defendant have significant limitations in adaptive functions in 
at least two of the following skill areas: communication; self-care; home 
living; social skills; community use; self-direction; health and safety; 
functional academics; leisure skills; and work skills? 
(3) Is there evidence that the Defendant's onset of the mental retardation 
was noticeable before the Defendant was eighteen (18) years of age? 

If you unanimously find by a preponderance of the evidence that the answer to 
each of these questions is yes, then you must find that the Defendant is 
mentally retarded and so indicate on your verdict form. You must then decide 
whether the Defendant shall be sentenced to life imprisonment or life 
imprisonment without the possibility of parole and so indicate on your verdict 
form.
If you unanimously find that the answer to any of these questions is no, then 
you must find that the Defendant is not mentally retarded and so indicate on 
your verdict form. If you either unanimously find that the Defendant is not 
mentally retarded or you are unable to reach a unanimous decision, you must then 
consider the remainder of the instructions relating to the death penalty and 
decide whether the defendant shall be sentenced to life imprisonment, life 
imprisonment without the possibility of parole, or death. 
______________________________
Statutory Authority: 21 O.S. 2011, § 701.10b(D) 
Notes on Use
This instruction should be used if the defendant has raised mental 
retardation as a bar to a death sentence in accordance with ¶ D of 21 O.S. 
Supp 2006 2011, § 701.10b and has requested submission 
of the issue of mental retardation to the jury during the sentencing phase. The 
verdict form in OUJI-CR 4-87A should be used with this instruction. 
If the jury either determines that the defendant is not mentally retarded or 
is unable to reach a unanimous decision on mental retardation, the judge should 
instruct the jury that it may consider evidence of mental retardation as a 
mitigating factor. See 21 O.S. Supp. 2011, § 701.10b(G); 
OUJI-CR 4-79, infra. 
Committee Comments
The Supreme Court in Hall v. Florida, 134 S.Ct. 1986, 1990 (2014) 
reversed a death sentence because Florida applied a strict IQ test score cutoff 
of 70 without taking into account the standard error of measurement on the IQ 
test. See id. at 1994 ("That strict IQ test score of 70 is the issue in 
this case."). 
 
OUJI-CR 4-113A
HUMAN TRAFFICKING FOR LABOR - ELEMENTS
No person may be convicted of human trafficking for labor unless the State 
has proved beyond a reasonable doubt each element of the crime. These elements 
are:
First, knowingly;
Second, recruiting/enticing/harboring/maintaining/transporting/ 
providing/obtaining another/other person(s);
Third, through deception/force/fraud/threat/coercion;
Fourth, for the purpose of engaging that/those person(s) in 
labor.
OR
First, knowingly;
Second, benefiting (financially/(by receiving anything of 
value));
Third, from participating in a venture that has engaged in; 
Fourth, recruiting/enticing/harboring/maintaining/transporting/ 
providing/obtaining another/other person(s);
Fifth, through deception/force/fraud/threat/coercion;
Sixth, for the purpose of engaging that/those person(s) in 
labor.
______________________________
Statutory Authority: 21 O.S. Supp. 2014, § 748(A)(5). 
Notes on Use
For definitions of coercion and legal process, see OUJI-CR 4-114D, 
infra. For an instruction on an affirmative defense of a victim of human 
trafficking to other crimes, see OUJI-CR 8-61, infra. 
Committee Comment
"Human trafficking" is defined at 21 O.S. Supp. 2014, § 748(A)(4) as a form 
of modern day slavery that includes, but is not limited to, extreme exploitation 
and denial of freedom or liberty of an individual for purposes of deriving 
benefit from that individual's commercial sex act or labor. The term "not 
limited to" in the definition appears to contemplate a form of human trafficking 
in addition to that done for purposes of commercial sex or labor, but the 
statute does not provide guidance as to human trafficking for other purposes. 
Accordingly, the Committee has not attempted to draft an instruction that would 
cover human trafficking for other purposes. 
The text of § 748(A)(5)(a) has an "or" between "deception, force, fraud, 
threat or coercion" and "for purposes of engaging the person in labor." The 
Committee decided that this "or" should be omitted from the text of the 
Instruction in order to require that human trafficking for labor must involve 
deception, force, fraud, threat or coercion. Compare the parallel language of § 
748(A)(6)(a), where "or" is not present. 
 
OUJI-CR 4-113B
HUMAN TRAFFICKING FOR COMMERCIAL SEX - ELEMENTS
No person may be convicted of human trafficking for commercial sex unless the 
State has proved beyond a reasonable doubt each element of the crime. These 
elements are:
First, knowingly;
Second, recruiting/enticing/harboring/maintaining/transporting/ 
providing/obtaining another/other person(s);
Third, through deception/force/fraud/threat/coercion;
Fourth, for the purpose of engaging that/those person(s) in 
an act of commercial sex. 
OR
First, knowingly;
Second, benefiting (financially/(by receiving anything of 
value));;
Third, from participating in a venture that has engaged in; 
Fourth, recruiting/enticing/harboring/maintaining/transporting/ 
providing/obtaining another/other person(s);
Fifth, through deception/force/fraud/threat/coercion;
Sixth, for the purpose of engaging that/those person(s) in an act 
of commercial sex.
______________________________
Statutory Authority: 21 O.S. Supp. 2014, § 748(A)(6). 
Notes on Use
For definitions of coercion, commercial sex, and legal process, see OUJI-CR 
4-114D, infra. For an instruction on an affirmative defense of a victim 
of human trafficking to other crimes, see OUJI-CR 8-61, infra. 
Committee Comments
"Human trafficking" is defined at 21 O.S. Supp. ,2014 § 748(A)(4) as a form 
of modern day slavery that includes, but is not limited to, extreme exploitation 
and denial of freedom or liberty of an individual for purposes of deriving 
benefit from that individual's commercial sex act or labor. The term "not 
limited to" in the definition appears to contemplate a form of human trafficking 
in addition to that done for purposes of commercial sex or labor, but the 
statute does not provide guidance as to human trafficking for other purposes. 
Accordingly, the Committee has not attempted to draft an instruction that would 
cover human trafficking for other purposes. 
 
OUJI-CR 4-113C
HUMAN TRAFFICKING OF A MINOR FOR COMMERCIAL SEX - 
ELEMENTS
No person may be convicted of human trafficking of a minor for commercial sex 
unless the State has proved beyond a reasonable doubt each element of the crime. 
These elements are:
First, knowingly;
Second, recruiting/enticing/harboring/maintaining/transporting/ 
providing/purchasing/obtaining a minor;
Third, for the purpose of engaging the minor in an act of 
commercial sex.
A minor is a person under the age of eighteen.
OR
First, knowingly;
Second, benefiting (financially/(by receiving anything of 
value));
Third, from participating in a venture that has engaged in; 
Fourth, recruiting/enticing/harboring/maintaining/transporting/ 
providing/purchasing/obtaining a minor;
Fifth, for the purpose of engaging the minor in an act of 
commercial sex.
A minor is a person under the age of eighteen.
______________________________
Statutory Authority: 21 O.S. Supp. 2014, § 748(A) (6)(b), (c), (A)(8). 
Notes on Use
For definitions of coercion, commercial sex, and legal process, see OUJI-CR 
4-114D, infra. . For an instruction on an affirmative defense of a victim 
of human trafficking to other crimes, see OUJI-CR 8-61, infra. 
Committee Comments
"Human trafficking" is defined at 21 O.S. Supp. , 2014 § 748(A)(4) as a form 
of modern day slavery that includes, but is not limited to, extreme exploitation 
and denial of freedom or liberty of an individual for purposes of deriving 
benefit from that individual's commercial sex act or labor. The term "not 
limited to" in the definition appears to contemplate a form of human trafficking 
in addition to that done for purposes of commercial sex or labor, but the 
statute does not provide guidance as to human trafficking for other purposes. 
Accordingly, the Committee has not attempted to draft an instruction that would 
cover human trafficking for other purposes. 
 
OUJI-CR 4-113D
HUMAN TRAFFICKING - DEFINITIONS
Coercion - Compelling/Forcing/Intimidating a person to act by:
threats of harm or physical restraint against any person.
OR
any act/scheme/plan/pattern intended to cause a person to believe that 
performing/(failing to perform) an act would result in serious 
(physical/financial/emotional harm/distress to)/(physical restraint against) 
any person.
OR
the abuse/(threatened abuse) of the law/(legal process).
OR
knowingly destroying/concealing/removing/confiscating/possessing any 
actual/purported passport/(labor/immigration document)/(government 
identification document, including but not limited to a driver license or birth 
certificate) of another person.
OR
facilitating/controlling a person's access to any 
addictive/controlled substance other than for legal medical 
purposes.
OR
blackmail.
OR
demanding/claiming money/goods/(any thing of value) from/(on behalf of) a 
prostituted person where such demand/claim (arises from)/(is directly related 
to) the act of prostitution.
OR
determining/dictating/setting the times at which another person will be 
available to engage in an act of prostitution with a third party.
OR
determining/dictating/setting the places at which another person will be 
available (for solicitation of)/(to engage in) an act of prostitution 
with a third party.
OR
determining/dictating/setting the places at which another person will 
reside for purposes of making such person available to engage in an act of 
prostitution with a third party.
Reference: 21 O.S. Supp. 2014, § 748(A)(1).
Commercial sex - Any form of commercial sexual activity such as sexually 
explicit performances, prostitution, participation in the production of 
pornography, performance in a strip club, or exotic dancing or display.
Reference: 21 O.S. Supp. 2014, § 748(A)(2).
Minor - A person under the age of eighteen (18) years.
Reference: 21 O.S. Supp. 2014, § 748(A)(8).
Legal process - The (criminal/civil law)/(regulatory system) of (the 
federal government)/(any state/territory/district/commonwealth/(trust 
territory)/(any foreign government)/(subdivision of a foreign government) 
and includes (legal civil/criminal actions)/(regulatory 
petitions/applications).
Reference: 21 O.S. Supp. 2014, § 748(A)(7).
Victim - A person against whom human trafficking has been committed. 
Reference: 21 O.S. Supp. 2014, § 748(A)(9).
 
OUJI-CR 5-2
ARSON IN THE FIRST DEGREE - ELEMENTS
No person may be convicted of arson in the first degree unless the State has 
proved beyond a reasonable doubt each element of the crime. These elements are: 

First, a willful and malicious; 
[Second, (setting fire to)/burning/(destroying in whole or in part by 
use of any (explosive device)/accelerant/(ignition device)/(heat-producing 
device/substance)/(while manufacturing/(attempting to manufacture) 
[specify controlled dangerous substance listed in 63 O.S. 2001, § 
2-322]]); 
Third, (a building/structure)/(the contents of a building/structure); 

Fourth, which was inhabited/occupied by one or more persons; 
Fifth, caused/aided/counseled/procured by the defendant]. 
OR
[First, (destroying in whole or part)/(causing to be 
burned/destroyed)/(aiding/counseling/procuring the burning/destruction of); 
Second, (a building/structure)/(the contents of a building/structure); 
Third, which was inhabited/occupied by one or more persons; 
Fourth, (while manufacturing/(attempting/endeavoring to manufacture) [specify 
controlled dangerous substance listed in 63 O.S. Supp. 2014, § 2-401]. 
OR
First, a willful and malicious; 
[Second, (causing another person to be burned)/(aiding/counseling/ 
procuring the burning of another person); 
Third, by (setting fire to the person)/(burning the person 
by the use of any (explosive device)/accelerant/ (ignition 
device)/(heat-producing device/substance))/(while 
manufacturing/(attempting to manufacture) [specify controlled dangerous 
substance listed in 63 O.S. 2001, § 2-322] ] .
OR
[First, (causing another person to be burned)/(aiding/counseling/ procuring 
the burning of another person) ; 
Second, (while manufacturing/(attempting to manufacture) [specify controlled 
dangerous substance listed in 63 O.S. Supp. 2014, § 2-401]. 
______________________________
Statutory Authority: 21 O.S. 2011 Supp. 2014, § 
1401.
Committee Comments
The Committee interprets the statute strictly to require "willfully and 
maliciously" to apply to all the elements in the statute, including "while 
manufacturing or attempting to manufacture a controlled dangerous substance in 
violation of subsection G of Section 2-401 of Title 63 of the Oklahoma 
Statutes." See State v. Davis, 2011 OK CR 22, ¶ 5, 260 P.3d 194, 195 
("This Court is committed to the rule of strict construction in the application 
of criminal statutes."); Durant v. State, 2008 OK CR 17, ¶ 8, 188 P.3d 
192, 194 ("The purpose of strict construction is not to reward those who commit 
acts which should be punishable. Rather, it is to ensure that when liberty is at 
stake, all citizens have fair and clear warning of what conduct is prohibited, 
and, equally important, the severity of punishment for any 
infraction."). 
 
OUJI-CR 5-4
ARSON IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of arson in the second degree unless the State has 
proved beyond a reasonable doubt each element of the crime. These elements are: 

First, a willful and malicious; 
Second, (setting fire to)/burning/(destroying in whole or in part by 
use of any explosive device/substance)/(destroying in whole or in part while 
manufacturing/(attempting to manufacture) [specify controlled dangerous 
substance listed in 63 O.S. 2001, § 2-322 Supp. 2014, § 
2-401]);
Third, (a building/structure)/(the contents of a 
building/structure); 
Fourth, which was uninhabited/unoccupied;
Fifth, caused/aided/counseled/procured by the defendant.
______________________________
Statutory Authority: 21 O.S. 2011, § 1402.
Committee Comments
See Committee Comments to OUJI-CR 5-2, supra. The 
Committee interprets the statute strictly to require "willfully and maliciously" 
to apply to all the elements in the statute, including "while manufacturing or 
attempting to manufacture a controlled dangerous substance in violation of 
subsection G of Section 2-401 of Title 63 of the Oklahoma Statutes." See 
State v. Davis, 2011 OK CR 22, ¶ 5, 260 P.3d 194, 195 ("This Court is 
committed to the rule of strict construction in the application of criminal 
statutes."); Durant v. State, 2008 OK CR 17, ¶ 8, 188 P.3d 192, 194 ("The 
purpose of strict construction is not to reward those who commit acts which 
should be punishable. Rather, it is to ensure that when liberty is at stake, all 
citizens have fair and clear warning of what conduct is prohibited, and, equally 
important, the severity of punishment for any infraction."). 
 
OUJI-CR 5-43
FALSE OR BOGUS CHECK DEFINED
A false or bogus check is one a check/order 
which is not honored because [of insufficient funds of the maker to pay 
the same]/[the check or order was drawn on a closed/nonexistent account)] 
when the check/order was given:
in exchange for money/property/(a benefit/(thing of value).
OR
as a down payment for the purchase of an item of which the purchaser is 
taking immediate possession.
OR
as payment made to a landlord under a lease/(rental 
agreement).
______________________________
Statutory Authority: 21 O.S. 2001 Supp. 2014, § 
1541.1 1541.4.
Committee Comments
The elements for the misdemeanor false-pretense crime under section 1541.1 
are identical to the elements of the felony false-pretense crime under section 
1541.2 except for the fourth element. The statutory language of section 1541.1 
indicates that the value of the property must be alleged and proved to be $500 
or less. Hence, if a prosecutor is uncertain as to the value of the property, 
the prosecutor should charge the felony crime. If the facts at trial indicate 
that the property is of a value of $500 or less, the accused can then be 
convicted of the misdemeanor, because misdemeanor false pretense is a lesser 
included offense of the felony. 
Section 1541.1 also creates the misdemeanor crime of attempted false 
pretense. As noted in the Committee Comments for the felony crime of attempted 
false pretense, the State is prohibited from prosecuting under the general 
attempt statutes because a specific attempt statute for false pretense exists. 

 
OUJI-CR 5-98
LARCENY OF (DOMESTIC ANIMALS)/
(AN IMPLEMENT OF HUSBANDRY) - 
ELEMENTS
No person may be convicted of larceny of (domestic animals)/(an implement 
of husbandry) unless the State has proved beyond a reasonable doubt each 
element of the crime. These elements are:
First, trespassory;
Second, taking;
Third Second, carrying away;
Fourth Third, (domestic animals)/(an implement of 
husbandry);
Fifth Fourth, of another;
Sixth Fifth, with the intent to steal.
______________________________
Statutory Authority: 21 O.S. 2001, § 1716;1730.
Notes on Use
For a definition of domestic animals, see OUJI-CR 5-106, infra. The 
judge should consult 47 O.S. 2001 2011, § 1-125 for a 
definition of an implement of husbandry that is appropriate for the case. 
 
OUJI-CR 5-99
LARCENY OF DOMESTIC FOWLS - ELEMENTS
No person may be convicted of larceny of domestic fowls unless the State has 
proved beyond a reasonable doubt each element of the crime. These elements 
are:
First, trespassory;
Second, taking;
Third Second, carrying away;
Fourth Third, domestic fowls;
Fifth Fourth, of another;
Sixth Fifth, with the intent to steal.
______________________________
Statutory Authority: 21 O.S. 2001, § 1719;1730..
 
OUJI-CR 5-100
LARCENY OF AUTOMOTIVE DRIVEN VEHICLE - ELEMENTS
No person may be convicted of larceny of an automotive driven vehicle unless 
the State has proved beyond a reasonable doubt each element of the crime. These 
elements are:
First, trespassory;
Second, taking;
Third Second, carrying away;
Fourth Third, automobile/aircraft/(automotive driven 
vehicle)/(construction/ farm equipment);
Fifth, of another;
Sixth, with the intent to steal.
______________________________
Statutory Authority: 21 O.S. 2001, § 1720;1730..
Committee Comments
The Commission has treated these three sections together because the language 
of the sections is similar and the decisions construing the sections argue for 
similar construction. In contrast with the other larceny crimes in Chapter 68 
which depend upon section 1701 for the definition of larceny, sections 1716, 
1719, and 1720 use the word "steal." The Court of Criminal Appeals has 
consistently held, regarding these three sections, that the word "steal" 
requires a different definition of the crime than the definition given for 
larceny by section 1701. To quote the opinion of the court in Sneed v. State, 61 
Okl. Cr. 96, 101, 65 P.2d 1245, 1247 (1937) (conviction under § 1716): 
An examination of the authorities will show that "larceny" and "stealing," at 
common law, had the same meaning; and consequently stealing, as here defined, is 
the wrongful or fraudulent taking and removing of personal property, by 
trespass, with a felonious intent to deprive the owner thereof, and to convert 
the same to his, the taker's, own use. The crime of larceny, by our statutes, 
has been widened to a considerable extent.... 
Thus it appears the Legislature has modified the meaning of the word 
"larceny," as used in the Penal Code, so that the taking of personal property 
accomplished by fraud or stealth, and with intent to deprive another thereof, is 
larceny, regardless of whether or not it was taken for the purpose of depriving 
the owner thereof or for the purpose of converting it to the use of the taker. 
Therefore, while stealing and larceny at common law were synonymous terms, our 
statute has given to the word "larceny" a much broader meaning than it then had; 
while "steal" or "stealing" has not been defined by our statutes, and must be 
construed according to its common-law meaning. 
Accord, Riley v. State, 64 Okl. Cr. 183, 78 P.2d 712 (1938) (charged under § 
1720); cf. Bingham v. State, 44 Okl. Cr. 258, 280 P. 636 (1929) (charged under § 
1719). 
In the opinion of the Commission, the distinction between sections 1716, 
1719, 1720 and section 1701, emphasized by the court, is found in the mens rea 
element of the several crimes. Section 1701 punishes for intent to deprive 
permanently, while sections 1716, 1719, and 1720 punish for intent to steal. The 
mens rea "intent to steal" encompasses two concepts: intent to deprive the owner 
permanently; and intent to convert to the taker's own use. Moreover, the word 
"trespassory" is used in the first element to present the concept of a wrongful 
action toward the personal property. This concept is covered by the "fraud and 
stealth" element in the other larceny crimes. 
The Commission has used generic language to describe domestic animals, rather 
than specific names as listed in section 1716, because the definition of the 
generic language should encompass the specific names. It seems less cumbersome 
to use the generic language which is then appropriately defined. 
The Commission has not prepared an instruction covering the situation in 
which one would be guilty of grand larceny under section 1719 for purchasing or 
receiving stolen fowls. No cases have interpreted this provision. Nor has the 
Committee prepared instructions for larceny of domesticated fish and game or 
exotic livestock under 21 O.S. 2001, §§ 1719.1, 1719.2. 
Prior versions of OUJI-CR 5-98, 5-99, and 5-100 included "trespassory" as the 
first element. See Grissom v. State, 2011 OK CR 3, ¶ 49, 253 P.3d 969, 
987. The reason for including the element of "trespassory" was that 21 O.S. 
2011, § 1716, 1719, and 1720 use the term "steal," and stealing was 
distinguished from larceny in Sneed v State, 1937 OK CR 52, 65 P.2d 1245, 
1247, 61 Okl.Cr. 96, 101. The distinction between stealing and larceny was 
eliminated by 21 O.S. 2011, § 1730, which provides that they mean the same 
thing, and therefore, the element of "trespassory" has been deleted from OUJI-CR 
5-98, 5-99, and 5-100. 
 
OUJI-CR 5-114A
RECEIVING UNLAWFUL PROCEEDS - ELEMENTS
No person may be convicted of receiving unlawful proceeds unless the State 
has proved beyond a reasonable doubt each element of the crime. These elements 
are:
First, knowingly/intentionally;
Second, receiving/acquiring proceeds;
Third, knowing that the proceeds were derived from a violation 
of [Specify Nature of Statutory Violation 
Unlawful Activity as Defined in 21 O.S. Supp. 2014, § 2001(F), e.g., 
trafficking in illegal drugs racketeering]; 
and
Fourth, knowingly/intentionally;
[Fifth, concealing the proceeds].
OR
[Fifth, engaging in transactions involving the proceeds].
______________________________
Statutory Authority: 21 O.S. Supp. 2004 2014, § 
2001.
 
OUJI-CR 7-4
(MISTREATMENT OF)/(INTERFERENCE WITH)
POLICE DOG/HORSE - 
ELEMENTS
No person may be convicted of (mistreatment of)/(interference with) a 
police dog/horse unless the State has proved beyond a reasonable doubt each 
element of the crime. These elements are: 
First, willfully;
Second, tortured striking/tormenting/ 
beat/mutilated/injured/disabled (administering a nonpoisonous 
desensitizing substance to) /mistreating)/ (interfering with the lawful 
performance of); 
Third, a police dog/horse; 
Fourth, owned/used by; 
Fifth, a law enforcement agency [of a political subdivision] of 
the State.
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2014, § 
649.1.
 
OUJI-CR 7-5
(MISTREATMENT OF)/(INTERFERENCE WITH)
POLICE DOG/HORSE DURING 
COMMISSION OF CRIME - ELEMENTS
No person may be convicted of (mistreatment of)/(interference with) a 
police dog/horse during the commission of a misdemeanor/felony 
unless the State has proved beyond a reasonable doubt each element of the crime. 
These elements are: 
First, knowingly;
Second, willfully;
Third, without lawful cause or justification;
Fourth, tortured striking/tormenting/ 
beat/mutilated/injured/disabled (administering a nonpoisonous 
desensitizing substance to) /mistreating)/ (interfering with the lawful 
performance of); 
Fifth, a police dog/horse; 
Sixth, owned/used by; 
Seventh, a law enforcement agency [of a political subdivision] of 
the State;
Eighth, during the commission of a misdemeanor/felony. 
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2014, § 
649.1. 
 
OUJI-CR 7-6
KILLING /BEATING/TORTURING ETC.
POLICE DOG/HORSE - 
ELEMENTS
No person may be convicted of killing /beating/torturing/(injuring so 
as to disfigure/disable)/(administering a poison to)/(setting a booby trap 
device for the purpose of injury so as to disfigure/disable/kill) a 
police dog/horse unless the State has proved beyond a reasonable doubt 
each element of the crime. These elements are: 
First, willfully;
Second, killing/beating/torturing/(injuring so as to 
disfigure/disable) /(administering a poison to)/(setting a booby trap device for 
the purpose of injury so as to disfigure/disable/kill)/(paying/(agreeing to pay) 
bounty for the purpose of injury so as to disfigure/disable/kill); 

Third, a police dog/horse; 
Fourth, owned/used by; 
Fifth, a law enforcement agency [of a political subdivision] of 
the State.
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2014, § 
649.2.
 
OUJI-CR 7-7
KILLING /BEATING/TORTURING ETC. POLICE DOG/HORSE 
DURING COMMISSION OF CRIME - ELEMENTS
No person may be convicted of killing /beating/torturing/(injuring so 
as to disfigure/disable)/(administering a poison to)/(setting a booby trap 
device for the purpose of injury so as to disfigure/disable/kill) a 
police dog/horse during the commission of a misdemeanor/felony 
unless the State has proved beyond a reasonable doubt each element of the crime. 
These elements are: 
First, knowingly;
Second, willfully;
Third, without lawful cause or justification;
Fourth, killing/beating/torturing/(injuring so as to 
disfigure/disable) /(administering a poison to)/(setting a booby trap device for 
the purpose of injury so as to disfigure/disable/kill)/(paying/(agreeing to pay) 
bounty for the purpose of injury so as to disfigure/disable/kill); 

Fifth, a police dog/horse; 
Sixth, owned/used by; 
Seventh, a law enforcement agency [of a political subdivision] of 
the State;
Eighth, during the commission of a misdemeanor/felony. 
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2014, § 
649.2.
 
OUJI-CR 9-6A
EVIDENCE - SEPARATE CONSIDERATION FOR EACH CHARGE
You must give separate consideration for each charge in the case. The 
defendant is entitled to have his/her case decided on the basis of the 
evidence and the law which is applicable to each charge. The fact that you 
return a verdict of guilty or not guilty for one charge should not, in any way, 
affect your verdict for any other charge.
______________________________
Notes on Use
This Instruction should be given if two or more charges against the same 
defendant are tried together. This Instruction is not required unless any 
party has made a timely request for it. See Taylor v. State, 2011 OK CR 
8, ¶¶ 14-18, 248 P.3d 362, 
Committee Comments
This instruction is similar to the one given in Smith v. State, 2007 
OK CR 16, ¶ 38, 157 P.3d 1155, 1168-69.
 
OUJI-CR 10-21A
PRIOR CONVICTIONS ADMITTED AS PROPENSITY EVIDENCE DURING FIRST 
STAGE
Evidence has been presented in the first stage of trial as to past criminal 
acts the defendant committed which is evidence of the defendant's propensity to 
commit crimes involving sexual misconduct. That evidence was proper for you to 
consider in determining the defendant's guilt. 
In the second stage of trial, the court has determined as a matter of law 
that the sexual propensity evidence constitutes [specify number] alleged 
prior conviction(s) for your consideration in sentencing. 
[Additionally, evidence has been presented of [specify number] alleged prior 
conviction(s).] It remains the prosecution's burden to prove beyond a 
reasonable doubt the existence of each alleged prior conviction, and only those 
alleged prior convictions, proven to your satisfaction can be considered in 
determining punishment.
Notes on Use
This Instruction should be given in the second stage of sentencing when prior 
convictions have been admitted during the first stage either after OUJI-CR 
10-19, if the prior convictions are stipulated, or after OUJI-CR 10-21, if the 
prior convictions are contested,. In most cases, prior convictions are not 
admissible for proof of guilt, but they may be admissible to show propensity for 
sexual assault or child molestation under 12 O.S. 2011, §§ 2413, 2414. Under 21 
O.S. 2011, § 51.1(B), prior convictions that arose out of the same transaction 
or occurrence or series of events closely related in time and location are to be 
counted as a single conviction for purposes of sentencing enhancement. If prior 
convictions arising out of the same transaction have not been admitted during 
the first stage, the trial court may count or list only the prior convictions 
that arose from separate transactions in OUJI-CR 10-17, 10-19, or 10-21, and 
this instruction should not be used. However, if the jury has already heard 
evidence of multiple prior convictions that arose from the same transaction, 
this instruction is needed in order to inform the jury that it is not to 
consider for sentencing purposes all of the prior convictions that were admitted 
during the first stage for proof of guilt.
Committee Comments
The Oklahoma Court of Criminal Appeals observed in Levering v. State, 
2013 OK CR 19, ¶ 7, 315 P.3d 392, 395, that it was not unusual for multiple 
charges and convictions to have arisen out of a transactionally related series 
of sex related offenses, and that transactionally related offenses may not be 
relied on for sentencing enhancement under 21 O.S. 2011, § 51.1(B). The Court of 
Criminal Appeals suggested the following instruction to explain the relationship 
between propensity evidence offered for guilt purposes and prior convictions 
used for sentencing enhancement:
Evidence has been presented in the first stage of trial as to past criminal 
acts the defendant committed against S.E. which is evidence of the defendant's 
propensity to commit crimes involving sex. That evidence was proper for you to 
consider in determining the defendant's guilt. 
In the second stage of trial, the court has determined as a matter of law 
that the sexual propensity evidence constitutes one prior conviction for your 
consideration in sentencing. Additionally, evidence has been presented of two 
other prior convictions. It remains the prosecution's burden to prove beyond a 
reasonable doubt the existence of each alleged prior conviction, and only those 
prior convictions proven to your satisfaction can be considered in determining 
punishment.
Levering v. State, 2013 OK CR 19, ¶ 13, 315 P.3d 392, 396. This 
instruction is based on the suggested instruction in Levering with 
modifications to make it more generic. 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.